The next case will be 05-1488, Fiber Optic Designs, Seasonal Specialties. The next case is 06-1488, abstract does refer to the fact that in order to directly drive a network of diodes without current limiting circuitry, the voltage of the series block is added up. In other words, it can be done, it can be done that you can drive this light spring without it. But there's nowhere in here, in discussion of the other embodiments, that precludes that. There is a discussion. One of the preferred embodiments, the one in Figure 10, does drive without current limiting circuitry. The other embodiments do not. And frankly, this case law is clear and the court said in the Phillips case, even if you have a specification that only discloses one embodiment, assuming Figure 10 is the only disclosed embodiment, that still doesn't require, in fact, it doesn't allow the court to screw the claims such that that is a limitation. Only should a limitation be construed from the specification into the claims. What about the language in Column 16 about all of these tests verified? Doesn't that go to the invention and not just to one of the embodiments? All of these tests really go to the AAC summation. All of these tests that they're running show that using this formula, it works. Without the use of any current limiting circuitry? It did not use current limiting circuitry, sure. But it doesn't say that the invention only uses current limiting circuitry. These tests, we did it. We tested the preferred embodiment and it worked. That's really what is going to it. It's not, again, limiting it to the invention. It's describing the theory behind the invention and the theory why use of the AC summation works, as opposed to using a DC summation and using the DC values, which all LEDs were characterized by at the time, and then adding a current limiting resistor to do a voltage drop such that the light stream remains stable. Here, this is the formulation for that. What's the status of this case now? The status of the case at the district court is we were supposed to have the more complete Markman hearing about a week ago. It's been fully braved and the court suggested that we continue the Markman hearing until this time as this court rules. I'll reserve the remaining time for rebuttal. I think we've read most of everything. Where does the claim say without additional circuitry? I think the claim says, if you read the claim the way I read it. Where does it say without additional circuitry? Those actual words aren't there. They aren't, are they? In fact, there's nothing that says without limiting circuitry, is there? Yes, well, I think if you read the summation language, it's there, because the summation language is pretty clear. The claim says you have individual... You sum additional... you're summing up the drive voltages to equal the supply voltage. You're summing up the drive voltages of very specific things, an LED and a socket. So why couldn't I have a few less AC drive voltages and a current limiter and still do the same thing? Sure could, but of course the trouble is... In other words, I could, but this doesn't limit having some additional circuitry then, does it? Sure it does, because the only thing that this summation allows you to add are the LEDs and the sockets. Where does it say it's the only thing you add? Predetermined number of light-emitting diodes and sockets equal, in a formula, individual electric components. Those are the only two things that equal individual electric components. Well, you know, the way patent law works is that you can describe what you're doing without describing additional things that can be part of the same entity. This doesn't say, and only the predetermined number according to the summation formula. It says that the predetermined number is going to be set by the summation formula, and then if there happens to be something else, that's of course fine as well. That would be, as long as this is a comprising claim, which it is, that's understandable. It's not a situation where there can be other things. This is like a mathematical formula. I disagree with the court. It's a mathematical formula up to the limit of the predetermined number of light-emitting diodes, which is set by the summation, but that doesn't limit things beyond that predetermined number set by the summation. Well, if I give numbers of these things, say the light-emitting diode has a two-voltage drop, the socket has a one-voltage drop, and I add those things up, they should equal the average supply voltage. If I add a resistor in, another five-volt drop, it doesn't work anymore. The summation isn't there because I've added... I understand, but there's nothing in this that disclaims additional circuitry, is there? This is like the Phillips case, almost right on the money, where the without additional circuitry is kind of a key feature of how it works, just like bullet deflection was a key feature of the way the baffles worked in Phillips. But the claim in no way limited the term baffle to its key feature, neither does this claim limit the predetermined summation to without additional circuitry. It's a nice feature. In fact, it's really the thing you may most want to use it for, but it's not limited to that. Well, I think it is, but I don't know how you do your math. I don't know how you could get to your summation and do your math with an extra resistor in there that would add more voltage drops, and then the summation wouldn't work. So I'm very unclear as to how you can think that it's not limited by that. But beyond that... But if that's the case, then we wouldn't have infringement here. I mean, I don't want to talk about the infringing device, but I thought the issue here was that there is arguably a use of resistors plus that. We have to have resistors in our product that's being accused, that's correct. And you still have a predetermined number set by the summation, right? You don't want to concede that yet, but that's what they're suing you for, right? Well, we put it in the number of resistors we need to make sure that the LEDs don't burn out. That's the whole point that I'm making, is that you can do it the other way. Right, and that's the prior art, and that's your moral law. And that may be. Yeah. It may be that that's prior art, and it may be that for that reason you escape infringement. But that's not before us. All that's before us is the claim meaning, and does this claim limit the addition of more circuitry? And I can't find it in the language of the claim. I think you agree you can't find it in the language of the claim. I think you and I have a fundamental disagreement. Well, no, you can't find it in the language of the claim. You need to go to the specification and say, well, it talks about without limiting circuitry, and so that's really what they're talking about. Yeah, I can go to the, I think, the specification that makes it fairly clear, at least in my mind, that the whole novelty of this invention is that you put this thing together without resistors. Because the prior art, that's what they did. Fine, that will be a magnificent validity argument that you can make after we get the right claim construction. Then you take the claim construction back and say, it's not novel. You take the claim construction back and say, moreover, we're the prior art, so we escape infringement. Sounds to me like you've got really strong arguments on remand, but you shouldn't have made the, but not on claim construction necessarily. Well, even the additional circuitry argument that the court is talking a lot about. The trouble with the specification references is that they're either referring to a preferred embodiment, the figure 10 preferred embodiment, which can be done as the abstract says. You can do it without additional circuitry, but it doesn't preclude the addition of circuitry anywhere in the claim. I still don't know how you do the summation with the extra resistors in there. I guess you decide that you can't. Well, how did you do it? I don't think you can do it. How does your device work, as Judge Probst points out? You've got additional circuitry in there and somehow have achieved the same thing. Well, there's no proof that we have the summation. Okay. You make that argument when you get there. Sure, but I'm still trying to figure out how you would get to your summation argument when you're adding in different components that aren't required by the claim. How do you do that? I just don't understand that. LEDs and sockets, that's all you get. And now you want resistors, and you say, well, you can add resistors in there. Well, then the summation doesn't work. I think you would simply remove, well, what about claim two? Doesn't that claim require the absence of additional limiting circuitry and, therefore, under claim differentiation? Yeah, and again, a claim differentiation, I don't think applies. So the broader independent claim is distinct from the narrower dependent claim that has additional circuitry. Certainly. There are a lot more limitations in claim two than that language you're talking about. But that's one of the limits. One of the limits, but clearly I don't think it fits squarely. Claim differentiation would suggest without additional circuitry is a narrower version. Sure, and then you go to the top of paragraph nine. The invention of figure 10 may have additional circuitry not explicitly drawn to perform functions other than current limiting. That's the only mention of other additional circuitry in the entire spec. So what they're talking about is additional circuitry to allow the bulb to blink or to twinkle. They're not talking about resistors. It doesn't fit in the summation. It doesn't fit in claim two. And I do believe the court actually, you know, as part of the record here is Professor Higman's report regarding the prior art in Okuno and Umura and the district court in their order to talk about the validity issues. So I think they are part of the reason that the injunction was denied was based on some of these invalidity arguments as well as the infringement. Any other questions? I want to respond briefly to two points that were discussed and take them out of order. The last one that was discussed was the validity issue and whether that is before the court. The court did, for this court, the district court did drop a footnote about validity. And in that footnote, that shows that the district court simply got it wrong, simply didn't understand. The district court found in that footnote or indicated or hinted at, at least in that footnote, that the Okuno reference raises a validity challenge with substantial merit. In fact, the Okuno, and the court found that because the Okuno reference, the court said, has an AC power supply. The problem is the court missed the matching components. The invention is matching the AC power supply with the AC drive voltage in Okuno, particularly in the record on Okuno. How do you reach a predetermined number of drive voltages to equal the supply voltage if you've got additional circuitry? That was his point. You reach a predetermined number with additional supply voltage because what is an electrical component? An electrical component is, as Mr. Altamirot, who is the person who did the measurements, measured what is between the two wires. So you could have additional circuitry plus LED circuits to reach the predetermined number and all of them are summed into the supply voltage. Absolutely. You can have an electrical component that has a chip resistor in it that would make the drive voltage of that LED, say, 4 volts instead of 2 volts. And you take all those, you add those up, and that's why the phrase was used, electrical components. You add up the drive voltages of the electrical components just as was done in Okuno. What Okuno said is you take the DC value of that electrical component, add it up, match it to the supply voltage in AC, but we know it doesn't work. So what you have to do, Okuno says, is you then have to take out a certain number of electrical components and add in a resistor. That's how the prior art was doing it, but it wasn't doing it because it needed this current-limiting resistor because of some theory, but rather the prior art was basing it on this DC summation. Now, theory may have gotten prior art to a methodology that worked, but the bottom line was the judge got it wrong with respect to how the prior art was characterizing things. The prior art was characterizing things in DC values as opposed to AC values, and that's why the validity challenge shouldn't survive either. I'm out of time. Thank you very much. I appreciate it. Thank you. All rise.